UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos PEREZ–TOSTADO,
Defendant–Appellant.

No. 04–40686.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timoteo E. Gomez, Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Carlos Perez–Tostado appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326.

For the first time on appeal, Perez–Tostado contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He also contends that *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies in determining his sentence. Perez–Tostado acknowledges that his arguments are foreclosed, but he seeks to preserve the issues for possible Supreme Court review.

Perez–Tostado's arguments are not precluded by the terms of the appellate-waiver provision. Nevertheless, as Perez–Tostado concedes, his arguments are foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Pineiro,* 377 F.3d 464, 473 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.